# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION
_____

DOUGLAS R. BOESE,

                Plaintiff,

       vs.

JAMES MACDONALD and
RAYMOND STUBBS,

              Defendants.

CAUSE NO. CV 07-0101-GF-SEH-RKS

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS FEDERAL CLAIMS AND REMAND
STATE LAW CLAIMS

_____

      This case originated as a state court action filed by Plaintiff in the Ninth Judicial District

Court for Toole County, Montana alleging civil rights violations pursuant to 42 U.S.C. § 1983

and claims of negligence.  On October 22, 2007, Defendants filed a Notice of Removal pursuant

to 28 U.S.C. § 1441 on the grounds that this case is one of which the United States District

Courts are given original jurisdiction by reason of the federal question presented by Plaintiff and

pursuant to 28 U.S.C. § 1331.  Defendants filed an Answer to Plaintiff's Complaint on October

31, 2007 (Document 4).  On November 8, 2007, Plaintiff filed a Motion to Remand on the

grounds that Defendants' Notice of Removal was not filed within the thirty (30) days after the

receipt of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b).  Defendants filed a

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 1

response to Plaintiff's motion for remand (Document 9) and Plaintiff has filed a Motion for

Extension of Time to File a Reply to Defendants' Response to Plaintiff's Motion for Remand.

(Document 10).

This Court agrees with Defendants that it has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. PROCEDURAL HISTORY

On August 1, 2007, Plaintiff filed in the Ninth Judicial District Court for Toole County,

Montana a Complaint and Summons alleging civil rights violations and negligence arising from

the confiscation of pictures and postcards from Plaintiff's cell at the Crossroads Correction

Center in Shelby, Montana.  On August 27, 2007, the Toole County Clerk of Court issued a

summons for service on Defendants.  Plaintiff opted to serve the Complaint and Summons

pursuant to Rule 4(D)(1)(b)(i) of the Montana Rules of Civil Procedure, by asking the defendants

to accept service by mailing.  On August 31, 2007, Plaintiff sent the Complaint, Summons, and

Notice and Acknowledgment of Service to Defendants MacDonald and Stubbs by certified mail.

According to Plaintiff, the Complaint, Summons and acknowledgment of service were

delivered to Defendants on September 5, 2007 at 4:27 p.m.  On October 2, 2007, Defendants

accepted service by mail by executing and returning to Plaintiff an Acknowledgment of Receipt

of Summons and Complaint.

## II. MOTION FOR REMAND

Service of process is the procedure by which a defendant officially becomes a party to an

action. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct.

1322, 1327 (1999).  To effectuate formal service of process, a plaintiff must file a complaint with

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 2

the court and serve a copy of that complaint, along with a court summons, on a defendant.  In the absence of waiver of service or formal service of process, a court ordinarily may not exercise power over a party the complaint names as defendant. *Murphy,* 526 U.S. at 350, 119 S.Ct. at 1327.

Provided that federal jurisdiction is proper, a defendant brought into an action may remove that action to federal court. 28 U.S.C. § 1446(a).  A defendant's notice of removal must be filed within thirty days after the receipt of the initial complaint "through service or otherwise." 28 U.S.C. § 1446(b).  According to the Supreme Court, the federal removal statute implicitly requires that a summons be filed or served upon a defendant for a defendant's receipt of the initial complaint to trigger the thirty-day removal period.  *Murphy,* 526 U.S. at 354, 119 S.Ct. at 1328-29.  Without a summons, an initial complaint is considered naked and does not trigger a defendant's time to remove. *See Id.*

Here, even if Defendants received Plaintiff's Compliant and Request for Acknowledgment of Service on September 5, 2007, as alleged by Plaintiff, Defendants did not agree to waive service of the summons and complaint until October 2, 2007.  Therefore, Defendants did not become official parties to this lawsuit until their attorney signed the Acknowledgment of Service on October 2, 2007.  Before that date, Plaintiff had only sent Defendants a request to waive formal service.  The United States Supreme Court has made it clear that the time does not begin to run on removal until and unless a defendant becomes subject to the court's authority.  Defendants herein, did not become subject to the Court's authority until they signed the acknowledgment of service on October 2, 2007.  Therefore, their Notice of

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 3

Removal was timely filed on October 22, 2007.

The Court recognizes that Plaintiff has filed a motion for extension of time to file a reply to Defendants' response.  The basis for such extension is that Plaintiff has requested the certified mail signature sheet to demonstrate the date that defendants received actual notice of the state proceedings.  However, the Court has assumed for the purposes of this Order that Defendants received the Complaint on September 5, 2007 as alleged by Plaintiff.  Given the lack of relevance of the evidence sought by Plaintiff and the reasoning of the Court set forth below, Plaintiff's motion for an extension to file a reply will be denied.

## III.  PRESCREENING OF PLAINTIFF'S COMPLAINT

As the Notice of Removal was timely filed, the Court will proceed with the prescreening of Plaintiff's Complaint.  The state court permitted Plaintiff to proceed in forma pauperis. (Document 2-2, pp. 4-5).  In addition, Plaintiff filed his complaint as a prisoner seeking redress from a governmental entity.  Thus, Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that  . . .  (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65 (2007)(quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## IV.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that sometime in January, 2005, the Crossroads Correctional Center's

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 5

Special Operations Response Team conducted an annual search of the facility.  While in

Plaintiff's cell, Defendant Raymond Stubbs was seen putting some photographs and postcards of

Plaintiff's in his pocket.  Plaintiff wrote to Warden MacDonald regarding the taking of his

property.  He also wrote to Defendant Stubbs regarding the taking.  Both letters were responded

to by Warden MacDonald who told Plaintiff that his property was "considered nuisance

contraband or trash because it was clipped from a magazine of sorts."  Warden MacDonald stated

that although it was not appropriate for the officer to place the material in his pocket, the officer

had been dealt with. (Document 1-3, p. 13).   In response to Plaintiff's letter to Defendant Stubbs,

Warden MacDonald stated that the matter had been settled and Plaintiff was instructed to provide

a stamped and addressed envelope to the mail room if he wanted the items sent out of the facility.

(Document 1-3, p. 14).

Plaintiff indicated in an inmate letter to Warden MacDonald on March 18, 2005, that a

manilla envelope was taken to the mail room to mail out the pictures and postcards at issue but

his mother informed him that she received an empty manilla envelope. (Document 1-3, p. 15).

Plaintiff then filed an action in small claims court in Toole County naming Raymond

Stubbs as a defendant.  On May 4, 2005, Justice of the Peace Jack Stokes ordered a pre-trial

conference for May 25, 2005.  Plaintiff was transferred to Montana State Prison on May 10,

2005.  On November 8, 2005, Justice of the Peace Stokes issued an order granting the setting of a

trial date at a later date when Plaintiff could make his own arrangements for transportation to

come to Shelby for trial.

Plaintiff contends that based upon these factual allegations he has been denied his right to

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 6

due process of law and equal protection of law as guaranteed under the Montana Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.  He also alleges he has been deprived his property without due process of law.  Finally, Plaintiff has pled state law claims of negligence against both defendants.

## V.  ANALYSIS

In *Hudson v. Palmer*, 468 U.S. 517 (1984), the United States Supreme Court explained that a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation:

> [A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Id.* at 533 (emphasis added); *see also Zinermon v. Burch*, 494 U.S. 113, 129-130 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  *See Hudson*, 468 U.S. at 531.  In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq.*, provides an adequate post-deprivation remedy.  *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2001):

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a . . . *wrongful* act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be

liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them, if a private person would be liable and if the intentional tort is committed within the scope of employment.  *Id*.  Similarly, state employees are not immune from suit for intentional torts.  To the extent the employees act outside the scope of their employment, they remain subject to liability themselves.  Finally, mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986).

It is clear that adequate post-deprivation remedies are available to Plaintiff.  Plaintiff has pursued state remedies by filing his small claims action which according to Defendants is still pending and his state law claims of negligence will be remanded to the state court.  Thus, whether Defendant Stubbs stole Plaintiff's property or it was negligently lost by prison staff, there is an adequate post-deprivation remedy and Plaintiff cannot state a claim under the United States Constitution.  Therefore, the Court will recommend the dismissal of Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983.

## VI.  REMAND

Even though the Court has recommended the dismissal of Plaintiff's federal claims, that does not vitiate the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 938 (2003)(amended on other grounds 350 F.3d 916(2003)).  "Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441." *Id.*  Section 1441(c) provides,

"[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  Given that the federal claims are being recommended for dismissal and thereafter only state law claims will remain, the Court further recommends that this matter be remanded to the state court for determination of Plaintiff's state law claims.

The Court also notes that Plaintiff sent motions for entry of default judgment to the Toole County District Court after the Notice of Removal had been filed.  Those motions were forwarded to this Court by the state court. (Document 8).  However, in light of the recommendation for dismissal of Plaintiff's federal claims and remand of Plaintiff's state law claims, the Court will not consider those motions.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Plaintiff's Motion for Remand (Document 6) is **DENIED**.

2.  Plaintiff's Motion for Extension of Time to File a Reply (Document 10) is **DENIED**.

Further the Court issues the following:

## RECOMMENDATION

Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 should be dismissed and this matter should be remanded to the Ninth Judicial District Court for Toole County pursuant to 28 U.S.C. § 1441(c).  The Clerk of Court should be directed to send a certified copy of the notice

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 9

of remand to the clerk of court for Toole County, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date that this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 29th day of November, 2007.


/s Keith Strong_____
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND STATE LAW CLAIMS / PAGE 10